## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FREDERICK MUTUAL INSURANCE CO.
57 Thomas Johnson Drive
Frederick, MD  21702

       Plaintiff,

v.                                    **CIVIL DIVISION**

CHANG CONSTRUCTION GROUP, INC.      CASE NO.
1849 Wolf Street
Philadelphia, PA  19145
And
4303 Locust Street
Philadelphia, PA 19104                 **JURY TRIAL DEMANDED**

EVAN JACOBS,
745 S. 7th Street
Philadelphia, PA  19147

JESSICA JACOBS
745 S. 7th Street
Philadelphia, PA  19147

THE PHILADELPHIA CONTRIBUTIONSHIP
INSURANCE COMPANY
210 S. 4th Street
Philadelphia, PA  19106

       Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

AND NOW, comes Plaintiff, Frederick Mutual Insurance Co. ("Frederick Mutual"), by and through its counsel, Michael F. Nerone, Esquire and Pion, Nerone, Girman, Winslow & Smith, P.C., and files this Complaint for Declaratory Judgment, and in support of which it avers the following:

    1.     Plaintiff, Frederick Mutual, is a Maryland corporation which maintains its principal place of business in Frederick, Maryland.

2.     Defendant, Chang Construction Group Inc., based upon information and belief, is a Pennsylvania corporation which maintains its principal place of business at 4303 Locust St., Philadelphia, Pennsylvania 19104 and/or 1849 Wolf Street, Philadelphia, Pennsylvania.

3.     Defendants, Evan Jacobs and Jessica Jacobs (collectively "Jacobs"), based upon information and belief, are adult individuals who reside at 745 S. 7th St., Philadelphia, Pennsylvania.

4.     Defendant, The Philadelphia Contributionship Insurance Co. ("PCIC"), based upon information and belief, is a Pennsylvania corporation which maintains its principal place of business at 210 S. 4th St., Philadelphia, Pennsylvania.

5.     The Jacobs Defendants have filed an action against Chang Construction Group and PCIC in the Court of Common Pleas of Philadelphia County, at Docket No. 0258 of 2020. A true and correct copy of the Jacobs Defendants' Amended Civil Action Complaint is attached hereto as Exhibit A.

6.     In their Amended Complaint, the Jacobs Defendants allege that they purchased a residential home at 745 S. 7th St., Philadelphia, Pennsylvania on or about February 15, 2018.

7.     The Jacobs Defendants further assert that "Chang rehabbed the entire Property prior to it being sold to the Plaintiffs."  See Amended Complaint at paragraph 5.

8.     The Jacobs underlying Amended Complaint contains a total of 7 Counts, with Counts I through V being asserted against Chang Construction Group and Counts VI and VII being asserted against PCIC.

9.     According to the Jacobs, Chang Construction Group "rehabbed the entire Property [745 S. 7th St., Philadelphia, Pennsylvania] prior to it being sold to [the Jacobs]."

10.     The Jacobs allege that "when Chang constructed the Property, it was knowingly, intentionally, willfully, and/or recklessly engaging in, or should have been aware that it was engaging in defective, substandard, and unlawful construction practices in connection with the Property."

11.     With respect to the Counts asserted against Chang Construction Group, Inc., Count I asserts a claim for breach of implied warranty, Count II asserts a claim for breach of implied warranty, Count III asserts a claim for negligence, Count IV asserts a claim under the Unfair Trade Practices and Consumer Protection Law, and Count V asserts a "negligent misrepresentation" claim which contains both allegations of negligent misrepresentation and intentional fraud.

12.     The Jacobs aver that in April 2018 they became aware of problems "with the building envelope…including but not limited to leaks behind the kitchen cabinets on the south wall of the Property."

13.     As damages, the Jacobs allege "costs incurred, and to be incurred, by Plaintiffs, which include, but are not limited to, costs of repair and remediation and related costs and damages in an amount in excess of $50,000, diminution in the value of the home, as well as consultant fees and legal fees." See Amended Complaint at ¶ 23 and 33.

14.     In addition to compensatory damages, the Jacobs also seek punitive/exemplary damages through their Unfair Trade Practices and Consumer Protection Law claim which include treble damages, litigation costs, attorney's fees and interest incurred in the prosecution of the underlying litigation.

15.     Through their underlying action, the Jacobs seek recovery of costs and expenses associated with repair and remediation of Defendant Chang Construction Group's alleged faulty

workmanship and any diminution in the value of the home as a result of such claimed faulty workmanship.

16.     Frederick Mutual issued a commercial general liability Policy bearing Policy No. APP 2141202 ("Policy") to Chang Construction Group which had an effective term from October 1, 2017 to October 1, 2018.

17.     A true and correct copy of the Policy is attached hereto as Exhibit B.

18.     Chang Construction Group has tendered its defense and indemnification of the Jacobs' claims to Frederick Mutual.

19.     Frederick Mutual is providing a defense subject to its reservation of any and all rights.

20.     This matter presents a case of actual controversy.

21.     Frederick Mutual brings this action pursuant to both the Pennsylvania Declaratory Judgment Act and the Federal Declaratory Judgment Act.

## COUNT I

22.     Frederick Mutual incorporates the averments set forth in paragraphs 1 through 21 above, as if the same are set forth herein at length.

23.     The insuring clause of Policy No. APP2141202 states:

"We" pay all sums which an "insured" becomes legally obligated to pay as "damages" due to "bodily injury" or "property damage" to which this insurance applies.   The "bodily injury" or "property damage" must be caused by an "occurrence" which takes place in the "coverage territory", and the "bodily injury" or "property damage" must occur during the policy period.

24.     Through   Endorsement   FM_AP-DEF.11(01/2010)   "Liability   Coverage Endorsement Definition of "Occurrence"" provides in part:

"Occurrence" means an accident, including continuous or repeated exposure to similar conditions.   An "occurrence" also includes an accident, including

4

continuous or repeated exposure to similar conditions, that causes "property damage" to "your work" if the damage to the work or the part of the work out of which the damage arises was performed on your behalf by a subcontractor and the "property damage" to "your work" is included in the "products/completed work hazard."

25.    Faulty workmanship or breach of contract is not an accident and, therefore, claims arising from faulty workmanship do not trigger coverage because there has been no occurrence.

26.    All claims asserted against Chang Construction Group by the Jacobs are for faulty workmanship and therefore are not covered under the Policy.

WHEREFORE, Plaintiff Frederick Mutual Insurance Co. respectfully request that this Honorable Court enter judgment in its favor and declare:

A.    The claims asserted by the Jacobs against Chang Construction Group in the Court of Common Pleas of Philadelphia County, at Docket No. 0258 of 2020 are for faulty workmanship;

B.    Frederick Mutual has no obligation to defend Chang Construction Group for the Jacobs' claims asserted in the Court of Common Pleas of Philadelphia County, at Docket No. 0258 of 2020;

C.    Frederick Mutual has no obligation to indemnify Chang Construction Group for the Jacobs' claims asserted in the Court of Common Pleas of Philadelphia County, at Docket No. 0258 of 2020; and

D.    Chang Construction Group is obligated to reimburse Frederick Mutual for all costs and expenses incurred by Frederick Mutual to defend Chang Construction Group from the Jacobs' claims asserted in the Court of Common Pleas of Philadelphia County, at Docket No. 0258 of 2020.

## COUNT II

27.     Frederick Mutual incorporates herein by reference the averments set forth in paragraphs 1 through 26 above, as if the same are set forth herein at length.

28.     The following exclusion is contained in the Policy under Exclusions That Apply To Bodily Injury, Property Damage, Personal Injury, And/Or Advertising Injury:

> "We" do not pay for "bodily injury", "property damage", "personal injury", or "advertising injury" liability which is assumed by the "insured" under a contract or an agreement.

29.     The above quoted contractual liability exclusion bars coverage for the contractual claims asserted by the Jacobs against Chang Construction Group in the underlying action, including Counts I and II for breach of implied warranty.

30.     The "gist of the action" asserted by the Jacobs against Chang Construction Group is for breach of contract, in spite of their efforts to allege tort claims.

31.     As a result, the contractual liability exclusion similarly bars coverage under the Policy for the Jacobs' tort claims.

WHEREFORE, Plaintiff Frederick Mutual Insurance Co. respectfully request that this Honorable Court enter judgment in its favor and declare:

A.      The claims asserted by the Jacobs against Chang Construction Group in Counts I, II, III and V are barred from coverage under the Policy by the contractual liability exclusion;

B.      Frederick Mutual has no obligation to defend Chang Construction Group for the Jacobs' claims asserted in the Court of Common Pleas of Philadelphia County, at Docket No. 0258 of 2020;

C.      Frederick Mutual has no obligation to indemnify Chang Construction Group for the Jacobs' claims asserted in the Court of Common Pleas of Philadelphia County, at Docket No. 0258 of 2020; and

D.      Chang Construction Group is obligated to reimburse Frederick Mutual for all costs and expenses incurred by Frederick Mutual to defend Chang Construction Group from the Jacobs' claims asserted in the Court of Common Pleas of Philadelphia County, at Docket No. 0258 of 2020.

## COUNT III

32.      Frederick Mutual incorporates herein by reference the averments set forth in paragraphs 1 through 31 above, as if the same are set forth herein at length.

33.      Under the Policy, Additional Exclusions That Apply Only To Property Damage, includes Exclusions 5 through 10, which state in part:

> 5. "We" do not pay for "property damage" to that specific part of real property on which work is being performed by:
>
> a.      "You"; or
> b.      A contractor or subcontractor working directly or indirectly on "your" behalf,
>
> If the "property damage" arises out of such work. . . .
>
> 6. "We" do not pay for "property damage" to that specific part of any property that must be restored, repaired or replaced because of faults in "your work". This exclusion does not apply to:
>
> a.      "Property damage" covered under the "products/completed work hazard" or
> b.      Liability assumed under a sidetrack agreement.
>
> 7. "We" do not pay for "property damage" to "products" if the damage arises out of the "products" or their parts.
>
> 8. "We" do not pay for "property damage" to "your work" if the "property damage" arises out of "your work" and is included in the "products/completed work hazard".

This exclusion does not apply if damage to the work or the part of the work out of which the damage arises is performed by a subcontractor on "your behalf".

9. "We" do not pay for "property damage" to property that has not been physically injured or destroyed, or to "impaired property", that arises out of:

***

b.      A defect, deficiency, inadequacy, or unsafe condition in "your work" or "products".

***

10. "We" do not pay for any loss or expense incurred by "you" or anyone else arising out of the loss of use, disposal, withdrawal, recall, inspection, repair, replacement, adjustment, or removal of (including any expenses involved in the withdrawal or recall) of "your work", "products", or "impaired property". This applies when the loss of use, disposal, withdrawal, recall, inspection, repair, replacement, adjustment, or removal was because of a known or suspected defect, deficiency, or unsafe condition.

34.     These business risk exclusions apply to the Jacobs' claims against Chang Construction Group to bar coverage from being owed under the Policy for the Jacobs' claims.

WHEREFORE, Plaintiff Frederick Mutual Insurance Co. respectfully request that this Honorable Court enter judgment in its favor and declare:

A.      The claims asserted by the Jacobs against Chang Construction Group are barred from coverage under the Policy by the business risk exclusions No.'s 5 through 10;

B.      Frederick Mutual has no obligation to defend Chang Construction Group for the Jacobs' claims asserted in the Court of Common Pleas of Philadelphia County, at Docket No. 0258 of 2020;

C.      Frederick Mutual has no obligation to indemnify Chang Construction Group for the Jacobs' claims asserted in the Court of Common Pleas of Philadelphia County, at Docket No. 0258 of 2020; and

D.     Chang Construction Group is obligated to reimburse Frederick Mutual for all costs and expenses incurred by Frederick Mutual to defend Chang Construction Group from the Jacobs' claims asserted in the Court of Common Pleas of Philadelphia County, at Docket No. 0258 of 2020.

### COUNT IV

35.     Frederick Mutual incorporates herein by reference the averments set forth in paragraphs 1 through 34 above, as if the same are set forth herein at length.

36.     Endorsement FM_AP/BP-EIFS.EXCL-PA(12/2009) of the Policy contains an exclusion for exterior insulation and finish systems.

37.     Based upon information and belief, the Jacobs' claims against Chang Construction Group are in whole or in part predicated upon faulty workmanship with regard to an exterior insulation and finish systems subject to the exclusion.

38.     As a result, the Endorsement FM_AP/BP-EIFS.EXCL-PA(12/2009) bars coverage from being owed under the Policy for the Jacobs' claims.

WHEREFORE, Plaintiff Frederick Mutual Insurance Co. respectfully request that this Honorable Court enter judgment in its favor and declare:

A.     The claims asserted by the Jacobs against Chang Construction Group are barred from coverage under the Policy by Endorsement FM_AP/BP-EIFS.EXCL-PA(12/2009);

B.     Frederick Mutual has no obligation to defend Chang Construction Group for the Jacobs' claims asserted in the Court of Common Pleas of Philadelphia County, at Docket No. 0258 of 2020;

C.     Frederick Mutual has no obligation to indemnify Chang Construction Group for the Jacobs' claims asserted in the Court of Common Pleas of Philadelphia County, at Docket No. 0258 of 2020; and

D.     Chang Construction Group is obligated to reimburse Frederick Mutual for all costs and expenses incurred by Frederick Mutual to defend Chang Construction Group from the Jacobs' claims asserted in the Court of Common Pleas of Philadelphia County, at Docket No. 0258 of 2020.

## COUNT V

39.     Frederick Mutual incorporates herein by reference the averments set forth in paragraphs 1 through 38 above, as if the same are set forth herein at length.

40.     The Policy contains an endorsement titled Known Injury or Damage Amendments. This endorsement provides in part:

> "We" have no duty to defend a suit or claim seeking "damages" because of . . . "property damage" which was known by a "designated insured", as stated under the Knowledge of Bodily Injury or Property Damage Condition, prior to the inception date of the policy period.

41.     Based upon the Jacobs Defendants' allegations in the underlying action, Chang Construction Group knew of the claimed property damage prior to the inception date of the Policy.

42.     Pursuant to the above quoted endorsement, coverage is not owed for the Jacobs claims.

WHEREFORE, Plaintiff Frederick Mutual Insurance Co. respectfully request that this Honorable Court enter judgment in its favor and declare:

A.     The claims asserted by the Jacobs against Chang Construction Group are barred from coverage under the Policy by the Known Injury or Damage Amendments Endorsement;

B.      Frederick Mutual has no obligation to defend Chang Construction Group for the Jacobs' claims asserted in the Court of Common Pleas of Philadelphia County, at Docket No. 0258 of 2020;

C.      Frederick Mutual has no obligation to indemnify Chang Construction Group for the Jacobs' claims asserted in the Court of Common Pleas of Philadelphia County, at Docket No. 0258 of 2020.

D.      Chang Construction Group is obligated to reimburse Frederick Mutual for all costs and expenses incurred by Frederick Mutual to defend Chang Construction Group from the Jacobs' claims asserted in the Court of Common Pleas of Philadelphia County, at Docket No. 0258 of 2020.

**COUNT VI**

43.     Frederick Mutual incorporates herein by reference the averments set forth in paragraphs 1 through 42 above, as if the same were set forth herein at length.

44.     The Policy contains an endorsement titled Punitive Damages Exclusion, which provides:

"We" do not pay for punitive, exemplary or vindictive "damages".

45.     The Jacobs claims for treble damages, litigation costs, attorney's fees and interest incurred in the prosecution of the underlying litigation constitute punitive, exemplary or vindictive damages and are barred from coverage.

WHEREFORE, Plaintiff Frederick Mutual Insurance Co. respectfully request that this Honorable Court enter judgment in its favor and declare:

A.      The claims asserted by the Jacobs against Chang Construction Group seeking treble damages, litigation costs, attorney's fees and interest incurred in the prosecution of

the underlying litigation constitute punitive, exemplary or vindictive damages and are barred from coverage;

B.      Frederick Mutual has no obligation to indemnify Chang Construction Group for the Jacobs' claims for treble damages, litigation costs, attorney's fees and interest incurred in the prosecution of the action in the Court of Common Pleas of Philadelphia County, at Docket No. 0258 of 2020.

## COUNT VII

46.      Frederick Mutual incorporates herein by reference the averments set forth in paragraphs 1 through 45 above, as if the same were set forth herein at length

47.      The Policy defines "property damage" as including "a. physical injury or destruction of tangible property; or b. The loss of use of tangible property whether or not it is physically damaged . . . ."

48.      The Jacobs' Consumer Protection Law claims and Negligent and Intentional Misrepresentation claims do not constitute claims for property damage under the Policy.

49.      Because the Consumer Protection Law claims and negligent and Intentional Misrepresentation claims do not constitute claims for property damage, coverage is not owed.

WHEREFORE, Plaintiff Frederick Mutual Insurance Co. respectfully request that this Honorable Court enter judgment in its favor and declare:

A.      The Consumer Protection Law and Negligent and Intentional Misrepresentation claims asserted by the Jacobs against Chang Construction Group are not covered under the Policy because they do not seek recovery for property damage;

B.      Frederick Mutual has no obligation to indemnify Chang Construction Group for the Jacobs' Consumer Protection Law and Negligent and Intentional Misrepresentation

claims asserted in the Court of Common Pleas of Philadelphia County, at Docket No. 0258 of 2020.

## COUNT VIII

50.     Frederick Mutual incorporates herein by reference the averments set forth in paragraphs 1 through 49 above as if the same were set forth herein at length.

51.     The Policy includes an endorsement titled "Exclusion-Wet Rot, Dry Rot, Bacteria, Fungi, or Protists Contracting Operations." Pursuant to this Endorsement coverage is not owed for any request, demand or order that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify, neutralize or in any way respond to or assess the effects of damages that results directly or indirectly from wet rot, dry rot, a bacterium, a fungus, including but not limited to mildew and mold, or protists, including but not limited to alga and slime mold.

52.     To the extent any aspect of the Jacobs' claimed damages are predicated upon wet rot, dry rot, a bacterium, a fungus, including but not limited to mildew and mold, or protists, including but not limited to alga and slime mold, coverage is not owed.

WHEREFORE, Plaintiff Frederick Mutual Insurance Co. respectfully request that this Honorable Court enter judgment in its favor and declare:

A.     The Jacobs claims against Chang Construction Group seeking recovery for wet rot, dry rot, a bacterium, a fungus, including but not limited to mildew and mold, or protists, including but not limited to alga and slime mold are not covered under the Policy;

B.     Frederick Mutual has no obligation to indemnify Chang Construction Group for such claims.

## COUNT IX

53.     Frederick Mutual incorporates herein by reference the averments set forth in paragraphs 1 through 52 above, as if the same were set forth herein at length.

54.     The Policy contains an endorsement titled Amendatory Endorsement Defense Costs Reimbursement Pennsylvania. This Endorsement states in part:

> If "we" defend against a suit or "we" pay for an "insured's" defense, and "we" later determine that the suit is not covered, "we" have the right to be reimbursed for the defense costs "we" have incurred.

> However, under this provision, "our" right to be reimbursed for defense costs applies only to such cost that "we" incur after "we" give "you" written notice that the suit may not be covered and that "we" are reserving "our" rights to end the defense coverage and seek reimbursement for defense costs.

55.     By correspondence dated February 9, 2021, a true and correct copy of which is attached hereto as Exhibit C, Frederick Mutual through its undersigned counsel provided Chang Construction Group's personal counsel with a reservation of rights letter which among other things advised that coverage likely is not owed and that Frederick Mutual was reserving its rights to pursue reimbursement of defense costs under the above referenced Endorsement.

56.     Because coverage is not owed as is more fully outlined above, Frederick Mutual is entitled to be reimbursed for all defense costs incurred with regard to the defense of Chang Construction Group in the underlying action filed by the Jacobs.

WHEREFORE, Frederick Mutual respectfully request that this Honorable Court enter judgment in its favor and against Chang Construction Group in an amount such that it is fully reimbursed for all defense costs incurred associated with its defense of the Chang Construction Group's, subject to reservation of rights, in the Jacobs action.

Respectfully submitted,

PION, NERONE, GIRMAN, WINSLOW &
SMITH, P.C.

By: /s/Michael F. Nerone
        Michael F. Nerone
        PA ID #62446

        1500 One Gateway Center
        420 Fort Duquesne Boulevard
        Pittsburgh, PA  15222
        412-281-2288

        Counsel for Plaintiff, Frederick Mutual
        Insurance Company

        Date:  May 12, 2021