MAJOR CASE
JURY TRIAL WAIVED

*Filed and Attested by the Office of Judicial Records 08 DEC 2020 02:15 pm A. SILIGRINI*

**WHEELER, DIULIO & BARNABEI, P.C.**
BY:  Vincent Doto, Esquire
Attorney I.D. No.:  326037
One Penn Center - Suite 1270
1617 JFK Boulevard
Philadelphia, PA  19103
Phone: (215) 568-2900
Email: vdoto@wdblegal.com

Attorney for Plaintiffs

| | |
|---|---|
| EVAN JACOBS and JESSICA JACOBS<br>745 S. 7th Street<br>Philadelphia, PA 19147<br><br>vs.<br><br>CHANG CONSTRUCTION GROUP, INC<br>1849 Wolf Street<br>Philadelphia, PA 19145<br><br>and<br><br>THE PHILADELPHIA CONTRIBUTIONSHIP<br>INSURANCE COMPANY<br>210 S. 4th Street<br>Philadelphia, PA 19106 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br><br>AUGUST TERM, 2020<br><br><br>DOCKET NO. 0258 |

<u>**AMENDED CIVIL ACTION COMPLAINT**</u>

<u>**NOTICE**</u>

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the Claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.
YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral Service
1101 Market St., 11th Floor
Philadelphia, PA 19107-2911
Telephone: 215-238-6333
Fax: 215-238-1159

<u>**AVISO**</u>

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.
LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
1101 Market Street, 11th Floor
Filadelfia, Pennsylvania 19107
(215) 238-6333

# EXHIBIT A

Case ID: 200800258

**MAJOR CASE**
**JURY TRIAL WAIVED**

**WHEELER, DIULIO & BARNABEI, P.C.**
BY:  Vincent Doto, Esquire                                   Attorney for Plaintiffs
Attorney I.D. No.:  326037
One Penn Center - Suite 1270
1617 JFK Boulevard
Philadelphia, PA  19103
Phone: (215) 568-2900
Email: vdoto@wdblegal.com

| | |
|---|---|
| EVAN JACOBS and JESSICA JACOBS<br>745 S. 7th Street<br>Philadelphia, PA 19147<br><br>      vs.<br><br>CHANG CONSTRUCTION GROUP, INC<br>1849 Wolf Street<br>Philadelphia, PA 19145<br><br>and<br><br>THE PHILADELPHIA<br>CONTRIBUTIONSHIP INSURANCE<br>COMPANY<br>210 S. 4th Street<br>Philadelphia, PA 19106 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br><br>AUGUST TERM, 2020<br><br><br>DOCKET NO. 0258 |

## AMENDED CIVIL ACTION COMPLAINT

1.      Plaintiffs, Evan Jacobs and Jessica Jacobs, are adult individuals that own and reside at the property located at the above-captioned address (the "Property").

2.      Defendant, Chang Construction Group, Inc. ("Chang"), is an incorporated company duly organized and existing which is authorized to conduct business within the Commonwealth of Pennsylvania and maintains a place of business for that purpose at the above-captioned address and does work within the City and County of Philadelphia.

3.      Upon information and belief, Chang operates as a developer, builder and/or seller of residential homes and also made representations to Plaintiffs with regard to the house which is the subject of this litigation.

4.      Defendant, The Philadelphia Contributionship Insurance Company ("Philadelphia Contributionship"), in its regular course of business issued to Plaintiffs a policy of insurance covering Plaintiffs' Property located at 745 S. 7th Street, Philadelphia, PA (the "Policy").  A copy of the Policy is not in Plaintiffs' possession, but a copy of same is believed to be in Philadelphia Contributionship's care, custody and control.

5.      Chang rehabbed the entire Property prior to it being sold to the Plaintiffs.

6.      Upon information and belief, the Home was built when the International Residential Building Code 2015 ("2015 IRC") or later building codes were in effect and Chang and its subcontractors, if any, were legally required to comply with the applicable building codes and ASTM standards when designing, reconstructing and rehabbing the Property.

7.      The 2015 IRC specifically mandated that homes be built with a weather resistant barrier.

8.      During the course of rehabbing the Property, in late summer 2017, Chang performed or caused to be performed stucco "repairs" to the south side of the property.

9.      On or about February 15, 2018, Plaintiff's purchased the Property, after the rehab was completed by Chang.

10.      Upon information and belief, when Chang constructed the Property, it was knowingly, intentionally, willfully, and/or recklessly engaging in, or should have been aware that it was engaging in defective, substandard, and unlawful construction practices in connection with the Property.

11.     Chang's actions (and willful inactions) violated applicable building codes and industry standards, such that it would be unconscionable, and contrary to the law and public policy of Pennsylvania, to enforce any waivers or limitations which would operate in any way to prevent the Plaintiffs from obtaining a full recovery for the damages suffered as a result of Chang's actions.

12.     After they took possession of the Property in April of 2018, Plaintiffs became aware of problems with the building envelope on the Home, including but not limited to leaks behind the kitchen cabinets on the south wall of the Property. Plaintiffs removed the kitchen cabinets and discovered water damage along the entire south wall of the Property.

13.     Although Plaintiffs discovered leaks and/or evidence of consequential water damage to the Property as described above, Plaintiffs were unable to see or understand the cause of the leak.

14.     Subsequent inspections revealed that the Property has experienced, and is currently experiencing, significant water intrusion issues and consequential damages caused by construction deficiencies and defects.

15.     Upon information and belief, Chang knew, or should have known, that it was engaging in defective, substandard, and unlawful construction practices in connection with the Property.

## COUNT I – BREACH OF THE IMPLIED WARRANTY OF WORKMANLIKE CONSTRUCTION
### Plaintiffs v. Chang

16.     Plaintiffs incorporate by reference the facts and allegations contained in the foregoing paragraphs as though fully set forth hereinafter at length.

17.     The Property, rehabbed by Chang, contained, as a matter of law, an implied warranty that the Property, which Chang marketed, reconstructed, and sold, would be built in a reasonably workmanlike manner and free of construction defects.

18.     Plaintiffs reasonably and justifiably relied upon this implied warranty.

19.     Chang knew that Plaintiffs would reasonably and justifiably rely upon this implied warranty.

20.     Chang failed to reconstruct the Property in a workmanlike manner.

21.     The Property, as reconstructed by Chang, exhibits construction defects that allow water to infiltrate the Property; the Property was not built to the applicable building codes, industry standards or the contemporary community standards, and does not meet the definition of reasonable workmanship under Pennsylvania law.

22.     As a result, Chang has materially breached the implied warranty of workmanlike construction.

23.     Chang is liable to Plaintiffs for breach of implied warranty of workmanlike construction, for substantial damages and costs incurred, and to be incurred, by Plaintiffs, which include, but are not limited to, costs of repair and remediation and related costs and damages in an amount in excess of $50,000.00, diminution in value of the Home, as well as consultant fees and legal fees.

**WHEREFORE**, the Plaintiffs hereby demand judgment in their favor and against Chang for all compensatory, consequential and incidental damages, and diminution in market value of the Property in a total amount in excess of $50,000.00, and for such other relief as the Court may deem proper and necessary.

## COUNT II – BREACH OF THE IMPLIED WARRANTY OF HABITABILITY
### Plaintiffs v. Chang

24.     Plaintiffs incorporate by reference the facts and allegations contained in the foregoing paragraphs as though fully set forth hereinafter at length.

25.     The various components comprising the exterior envelopes of the Home, including, *inter alia*, the stucco-clad south wall was designed and installed by Chang and/or its agents, with the intent that it serve as protection to the occupants of the Property, including the Plaintiffs, against the elements of weather, including heat, cold, wind, and precipitation.

26.     However, as set forth above, the various elements of the exterior envelope of the Property were defectively constructed and improperly installed.

27.     Chang impliedly warranted that the Home, which it marketed, designed, reconstructed, supervised reconstruction, and sold, would be constructed in a reasonable workmanlike manner, free of construction defects and suitable for habitation.

28.     Chang knew, or should have known, that Plaintiffs would rely upon this implied warranty.

29.     Plaintiffs did, in fact, rely upon this implied warranty and such reliance was reasonable.

30.     Chang's defective construction directly and proximately caused substantial water infiltration into the Home, and resultant water and/or mold damage to the Property.

31.     The water damage and/or mold damage to the Property, which was caused by Chang's acts and/or omissions, rendered the Property uninhabitable for a period of time.

32.     Chang breached the implied warranty of habitability by failing to properly construct the Property in a reasonable workmanlike manner and free of defects, thereby rendering the Home uninhabitable for a period of time.

33.     Chang is liable to Plaintiffs for breach of implied warranty of habitability, for substantial damages and costs incurred, and to be incurred, by Plaintiffs, which include, but are not limited to, costs of repair and remediation and related costs and damages in an amount in excess of $50,000.00, diminution in value of the Home, as well as consultant fees and legal fees.

**WHEREFORE**, the Plaintiffs hereby demand judgment in their favor and against Chang for all compensatory, consequential and incidental damages, and diminution in market value of the Property in a total amount in excess of $50,000.00, and for such other relief as the Court may deem proper and necessary.

## COUNT III – NEGLIGENCE
### Plaintiffs v. Chang

34.     Plaintiffs incorporate by reference the facts and allegations contained in the foregoing paragraphs as though fully set forth hereinafter at length.

35.     The various components comprising the exterior envelopes of the Home, including, *inter alia*, the stucco-clad south wall was designed and installed by Chang and/or its agents, with the intent that it serve as protection to the occupants of the Property, including the Plaintiffs, against the elements of weather, including heat, cold, wind, and precipitation.

36.     However, as set forth above, the various elements of the exterior envelope of the Property were negligently designed and/or negligently installed.

37.     Chang owed a duty to Plaintiffs to reconstruct, and supervise reconstruction, of the Property in a reasonable workmanlike manner, free of construction defects and suitable for habitation.

38.     Chang further owed a duty to warn Plaintiffs of any latent defects in the Property at all times, including during the design and reconstruction of the Property, prior to the sale of the Property, at closing and settlement, and at all times since.

39.     Chang, or its agents, were responsible for installing, and did install, aspects or parts of the exterior envelope of the Home, including the stucco-clad south wall.

40.     The direct, factual, and proximate cause of the damages and losses suffered by Plaintiffs was the carelessness and negligence of Chang acting by and through its duly authorized agents, servants, workmen or employees, consisting as follows:

a)      in failing to properly rehab and construct the Property;

b)      in failing to properly apply stucco to the south exterior wall of the Property;

c)      in utilizing employees or contractors who are either unskilled or unsupervised to perform the work required;

d)      in failing to warn Plaintiffs that the individual's employed or utilized by Chang were unskilled and unsupervised; and

e)      in failing to find licensed and capable contractors to properly rehab and construct the Property and apply stucco to the exterior of the Property.

41.     As a direct and proximate result of Chang's defective, careless, and negligent performance in reconstructing the Property, Plaintiffs have experienced attendant property damage and damage to non-defectively constructed components of the Property.

42.     The damages sustained by Plaintiffs were caused by the negligent and careless acts and/or omissions of Chang in installing and performing their work in a defective manner as set forth above.

43.     The negligence and carelessness of Chang is the legal and proximate cause of the damages sustained by Plaintiffs.

**WHEREFORE**, the Plaintiffs hereby demand judgment in their favor and against Chang for all compensatory, consequential and incidental damages, and diminution in market value of the

Property in a total amount in excess of $50,000.00, and for such other relief as the Court may deem

proper and necessary.

## COUNT IV – VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (73 P.S. § 201-1 ET. SEQ.) Plaintiffs v. JPK

44.     Plaintiffs incorporate by reference the facts and allegations contained in the

foregoing paragraphs as though fully set forth hereinafter at length.

45.     The Pennsylvania Unfair Trade Practices and Consumer Protection Law, codified

at 73 Pa.C.S.A. §§ 201-1 et seq. ("UTPCPL"), provides for a private right of action for anyone

who suffers any ascertainable loss of money or property as a result of any method, act or practice

deemed unlawful by the UTPCPL.

46.     The UTPCPL provides that unfair methods, acts or practices include:

a)     Representing that goods or services have characteristics, uses benefits or

qualities that they do not have (see 73 Pa.C.S.A. § 201-2(4)(v));

b)     Representing that goods or services are of a particular standard, quality or

grade, if they are of another (see 73 Pa.C.S.A. § 201-2(4)(vii));

c)     Making repairs, improvements or replacements on real property of a nature

or quality inferior to or below the standard that was agreed to in writing (see 73

Pa.C.S.A. § 201-2(4)(xvi)); and

d)     Engaging in fraudulent or deceptive conduct which creates a likelihood of

confusion or misunderstanding (see 73 Pa.C.S.A. § 201-2(4)(xxi)).

47.     Chang has violated the UTPCPL, in that they have:

a)     Represented that the Home has characteristics, uses, and/or benefits that it

does not have;

Case ID: 200800258

b)      Represented that its goods or services are of a particular standard, quality or grade when they are of another;

c)      Failed to comply with the terms of a written agreement or warranty given to the Plaintiffs;

d)      Made repairs to the Property of a nature or quality inferior to or below the standard of that agreed to in writing; and

e)      Engaged in fraudulent and/or deceptive conduct creating the likelihood of confusion or misunderstanding.

48.     As a direct and proximate result of these unlawful acts and practices, Chang is liable to Plaintiffs for substantial damages and costs incurred, and to be incurred, by the Plaintiffs, which include, but are not limited to, costs of repair and remediation and related costs and damages, as well as consultant fees and legal fees.

49.     Pursuant to the UTPCPL, the Plaintiffs are entitled to actual damages, as well as treble damages, costs of suit, and reasonable attorneys' fees and interest incurred in the prosecution of this litigation.

**WHEREFORE**, Plaintiffs hereby demand judgment in their favor and against Chang, for all compensatory, consequential and incidental damages, in excess of $50,000.00 as well as treble damages, costs of repair which are continuing, interest, penalties, costs of litigation, attorneys' fees, and for such relief as the Court may deem proper and necessary.

### COUNT V – NEGLIGENT MISREPRESENTATION
### Plaintiffs v. Chang

50.     Plaintiffs incorporate by reference the facts and allegations contained in the foregoing paragraphs as though fully set forth hereinafter at length.

Case ID: 200800258

51.     Chang made material statements and misrepresentations to Plaintiffs, orally and/or in writing, about the unique and desirable features and quality of the Property, and that the Property would be constructed in compliance with the existing building code and industry standards.

52.     These communications as they pertain to the latent construction defects in the Property, were misrepresentations falsely and/or negligently made.

53.     Plaintiffs materially and reasonably relied upon Chang's misrepresentations.

54.     As a direct and proximate result of these material statements and misrepresentations to Plaintiffs, Chang is liable to the Plaintiffs for substantial damages and costs incurred, and to be incurred, by the Plaintiffs, which include, but are not limited to, costs of repair and remediation and related costs and damages, diminution in value of the Home, as well as consultant fees and legal fees.

**WHEREFORE**, Plaintiffs hereby demand judgment in their favor and against Chang, for all compensatory, consequential and incidental damages, in excess of $50,000.00 as well as treble damages, costs of repair which are continuing, interest, penalties, costs of litigation, attorneys' fees, and for such relief as the Court may deem proper and necessary.

### COUNT VI – BREACH OF CONTRACT
### <u>Plaintiffs v. Philadelphia Contributionship</u>

55.     Plaintiffs incorporate by reference the facts and allegations contained in the foregoing paragraphs as though fully set forth hereinafter at length

56.      Notice of the covered loss which occurred on or about December 19, 2019, was given to Philadelphia Contributionship in a prompt and timely manner and Plaintiffs, at all relevant times, fully complied with all the terms and conditions required by the Policy.

57.     Philadelphia Contributionship, despite demand for benefits under the Policy, has refused, without legal justification or cause, and continues to refuse, to pay to Plaintiffs monies owed for the damages suffered as a result of the loss.

58.     Philadelphia Contributionship is obligated by the terms of the contract to indemnify Plaintiffs' loss.

59.     Despite submission of reasonable proof and demand for full and complete payment with respect to Plaintiffs' loss, Philadelphia Contributionship has not paid to Plaintiff all of the policy benefits to which Plaintiffs are entitled under the Policy and has refused to provide funds sufficient to bring Plaintiffs' Property to pre-loss condition.

60.     Philadelphia Contributionship's denial of coverage was made without a reasonable basis in fact.

61.     Philadelphia Contributionship's refusal to indemnify Plaintiffs' loss constitutes a breach of the insurance contract.

62.     As a result of Philadelphia Contributionship's failure and refusal to pay benefits to Plaintiffs as required under the Policy, Plaintiffs have suffered loss and damage in an amount in excess of $50,000.00.

**WHEREFORE**, Plaintiffs demand judgment against Defendant, The Philadelphia Contributionship Insurance Company, in an amount in excess of $50,000.00 together with interest and court costs.

### COUNT VII – BAD FAITH (42 Pa.C.S.A. §8371)
### Plaintiffs v. Philadelphia Contributionship

63.     Plaintiffs incorporate by reference the facts and allegations contained in the foregoing paragraphs as though fully set forth hereinafter at length.

64.     Philadelphia Contributionship has engaged in bad faith conduct toward Plaintiffs

with respect to its adjustment of Plaintiff's covered Loss, in violation of 42 Pa.C.S.A. §8371 et

seq.

65.     In furtherance of its bad faith and wrongful denial and refusal to pay benefits for

Plaintiffs' covered Loss, Philadelphia Contributionship, acting by and through its duly

authorized agents, servants, workmen or employees has engaged in the following conduct:

        a.      by sending correspondence falsely representing that Plaintiffs' loss caused

by a peril insured against under the Policy was not entitled to benefits due and owing under the

Policy;

        b.      in failing to complete a prompt and thorough investigation of Plaintiffs'

claim before representing that such claim is not covered under the Policy;

        c.      in failing to pay Plaintiffs' covered loss in a prompt and timely manner;

        d.      in failing to objectively and fairly evaluate Plaintiffs' claim;

        e.      in conducting an unfair and unreasonable investigation of Plaintiffs'

claim;

        f.      in asserting Policy defenses without a reasonable basis in fact;

        g.      in flatly misrepresenting pertinent facts or policy provisions relating to

coverages at issue and placing unduly restrictive interpretations on the Policy and/or claim

forms;

        h.      in failing to keep Plaintiffs or their representatives fairly and adequately

advised as to the status of the claim;

        i.      in unreasonably valuing the loss and failing to fairly negotiate the amount

of the loss with Plaintiffs or their representatives;

Case ID: 200800258

j.        in failing to promptly provide a reasonable factual explanation of the basis

for the denial of Plaintiffs' claim;

k.        in unreasonably withholding policy benefits;

l.        in acting unreasonably and unfairly in response to Plaintiffs' claim;

m.        in unnecessarily and unreasonably compelling Plaintiffs to institute this

lawsuit to obtain policy benefits for a covered loss, that Philadelphia Contributionship should

have paid promptly and without the necessity of litigation.

66.        For the reasons set forth above, Philadelphia Contributionship has acted in bad

faith in violation of 42 Pa.C.S.A. §8371, for which it is liable for statutory damages including

interest from the date the claim was made in an amount equal to the prime rate of interest plus

three percent, court costs, attorneys' fees, punitive damages, and such other compensatory and/or

consequential damages as are permitted  by law.

**WHEREFORE**, Plaintiffs demand judgment against Defendant in an amount in excess

of $50,000.00, together with interest, court costs, counsel fees and damages for delay.

**WHEELER, DIULIO & BARNABEI, P.C.**

BY: ___/s/ Vincent Doto_____
        VINCENT DOTO, ESQUIRE
        Attorney for Plaintiffs

Date: December 8, 2020

## VERIFICATION

The undersigned hereby states that we are the Plaintiffs in this action and that the statements of fact made in the foregoing document are true and correct to the best of our information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. Cons. Stat. Ann. § 4904 relating to unsworn falsification to authorities.

_____
Evan Jacobs

_____
Jessica Jacobs

DATE: 10/2/2020

Case ID: 200800258